United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF NC DENGEN KAIHATSU KK | Case No. 18-mc-80208-DMR<br><br>**ORDER ON AMENDED EX PARTE APPLICATION FOR ORDER TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 7 |

Applicant NC Dengen Kaihatsu KK ("NCD") filed an ex parte application seeking permission to issue subpoenas pursuant to 28 U.S.C. § 1782 to obtain discovery for use in foreign proceedings. The court ordered NCD to re-file its application with supporting evidence (Docket No. 6), which it timely filed.[1] [Docket No. 7 (Am. Appl.).] Having considered the papers and the relevant legal authority, the court grants the application in part, and denies it in part.

**I.   BACKGROUND**

NCD filed this application seeking discovery in aid of foreign proceedings regarding a contractual dispute between NCD and Tohoku Ecopower Station GK ("Tohoku"). NCD is a foreign company headquartered in Tokyo, Japan. [Docket No. 7-7 (Hiyama Decl., Feb. 5, 2019) ¶ 3.] Tohoku is a "Special Purpose Company" ("SPC") created by EverStream Energy Capital Management ("EverStream"), an American private equity firm headquartered in San Francisco,

---

[1] Civil Local Rule 7-5 provides that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). As stated in the court's order, the first application was filed without any evidence supporting the factual contentions in its application. [*See* Docket Nos. 1, 6.] While NCD submitted supporting declarations with its amended application, it did not include all of the factual contentions from its original application in the amended application. As the applications are not identical, the court deems the original application withdrawn and relies solely on the factual contentions in the amended application that are properly supported with evidence.

California. *Id.* at ¶ 4; *see also* Docket No. 7-4 (Hansen Decl., Feb. 7, 2019) ¶ 2, Ex. 2. NCD is a defendant in a lawsuit brought by Tohoku in the Tokyo District Court, in Tokyo, Japan (the "Tokyo action"). Hiyama Decl. ¶ 3-4.

NCD and EverStream are parties to a Project Sourcing Agreement, the purpose of which was to facilitate the sourcing of solar projects in Japan. Hiyama Decl. ¶ 4. Pursuant to the Project Sourcing Agreement, Everstream set up and invested in Tohoku. *Id.* Tohoku subsequently signed a Services Agreement with NCD. *Id.* In the Tokyo action, Tohoku claims that NCD breached the Services Agreement by "misrepresent[ing] certain shareholdings in connection with the Services Agreement, and that this misrepresentation led to lost profits." *Id.* at ¶ 5. Tohoku further claims that it rightfully terminated the Services Agreement due to NCD's breach. *Id.*

To defend itself in the Tokyo action, NCD asserts that "Tohoku's termination of the Services Agreement had nothing to do with the allegations of misrepresented shareholdings," but was instead "in response to NCD's refusal to acquiesce to a payment scheme proposed by principals of EverStream." *Id.* at ¶ 6. NCD filed this application for discovery in order to inquire "into Tohoku's true basis for terminating the Services Agreement." Am. Appl. 3. NCD seeks discovery because it believes that EverStream, a nonparty to the foreign proceeding, possesses or controls information relevant to NCD's defense. *Id.* NCD's requests for discovery include a subpoena for eight categories of documents that primarily concern the Services Agreement and EverStream's relationship with NCD and other parties, as well as a subpoena to depose EverStream. Am. Appl. Ex. B, C.

**II.  LEGAL STANDARD**

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which states as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

2

28 U.S.C. § 1782(a). The purpose of section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004); *see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2d Cir. 2004) (noting that section 1782 has the "twin aims" of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" (citation and quotations omitted)).

A district court is authorized to grant a section 1782 application where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a "foreign or international tribunal," and (3) the application is made by the foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); *see also Intel*, 542 U.S. at 246-47; *In re Republic of Ecuador*, No. C-10-80255-CRB (EMC), 2010 WL 3702427, *2 (N.D. Cal. Sept. 15, 2010).

"However, simply because a court has the authority under § 1782 to grant an application does not mean that it is required to do so." *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264). The Supreme Court has identified several discretionary factors that a court should take into consideration in ruling on a Section 1782 request: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III. DISCUSSION

#### A. Authority to Issue Subpoenas

The court has reviewed NCD's request and determines that the statutory requirements of section 1782 are satisfied. First, EverStream's headquarters are in San Francisco, California, which is in this district. Hansen Decl. Ex. 2. Second, the requested discovery is for use in

3

proceedings pending in the Tokyo District Court in Japan, a foreign tribunal.

Finally, NCD qualifies as an "interested person" because there is "[n]o doubt that litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256. NCD is a defendant in the pending action in the Tokyo District Court, which makes it a litigant and clearly an "interested person" within the meaning of section 1782.

### B. Discretionary Factors

The court now turns to the question of whether the four discretionary factors identified by the Supreme Court weigh in favor of or against issuance of the subpoena.

The Supreme Court has indicated that when the party from whom discovery is sought is not a participant in the foreign proceeding, the first factor weighs in favor of granting the application. *See Intel*, 542 U.S. at 264. As the Court explained:

> when the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

*Id.* Here, EverStream is not a participant in the proceedings before the Tokyo District Court. Hiyama Decl. ¶ 9. Thus, the first factor weighs in NCD's favor.

The second factor examines the nature and receptivity of the foreign tribunal. NCD has presented the declaration of an attorney licensed to practice in Japan who states that the "evidence sought is consistent with the type of discovery available in the Tokyo Action." Hiyama Decl. ¶ 10. The Japanese attorney also "anticipate[s] that the evidence will be admissible in the Tokyo Action." *Id.* at ¶ 8. NCD has provided adequate evidence that the Tokyo District Court will be receptive to the evidence it seeks here, so this factor weighs in favor of NCD.

With respect to the third factor, there is nothing to suggest that NCD is attempting to circumvent foreign proof-gathering restrictions. NCD's attorney in Japan attests that "EverStream is not a party or participant in the Tokyo Action, is beyond the jurisdictional reach of the Tokyo

4

District Court, and cannot be compelled to produce documents in the Tokyo Action." Hiyama Decl. ¶ 9. Additionally, there is no evidence of any barrier to seeking discovery directly from EverStream other than lack of jurisdictional reach. This factor therefore weighs in favor of NCD.

The fourth factor examines whether the requested discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Here, four of the eight categories of documents and three of the seven deposition topics in the proposed subpoenas appear to be tailored to documents and information concerning EverStream's relationship with NCD. However, Requests for Production ("RFP") Nos. 3, 6, 7, and 8 and Deposition Topics Nos. 4, 5, 6, and 7 do not appear to be narrowly tailored to the dispute, based upon the evidence submitted to the court in the amended application. *See* Am. Appl. Ex. B, C.

RFP No. 3 requests communications between EverStream and third parties regarding NCD's work on other projects, without explaining how these other projects relate to the Tokyo Action:

> Communications by You to third parties—including, but not limited to, [14 individuals and entities and their affiliates or employees]— concerning NCD, NCD's performance, NCD's fees, the projects that the Service Agreements concern (projects including, but not limited to, those commonly referred to as SK Shirakawa, Osaki, Kurokawa, Aomori, Susami, Sukagawa, Tano, Ikoma, Yumuta, and Otake), any attempts by You to seek discounts from NCD, Your reasons for terminating the Service Agreements, or NCD's relationship with INFLUX GK.

Am. Appl. Ex. B. Similarly, Deposition Topic No. 5 covers "[y]our representations to third parties, and representations by third parties made to You, about NCD, NCD's performance, the projects which the Service Agreements concern, NCD's fees, Your attempts to seek discounts from NCD, and NCD's relationship with INFLUX GK." Am. Appl. Ex. C. RFP No. 3 and Deposition Topic No. 5 encompass some communications and representations by EverStream to third-parties concerning NCD that appear to be relevant to the Tokyo Action. However, they also request all communications by EverStream to third parties regarding at least ten additional projects

5

for which there were also Service Agreements. These portions of the RFP and deposition topic are not narrowly tailored to the Tokyo Action because NCD has not provided information showing how documents and communications regarding these other projects bear on the dispute. The Tokyo Action involves solely the Service Agreement between NCD and Tohoku, and does not involve any of the ten additional projects or their respective Service Agreements. *See* Hiyama Decl. ¶ 4-5. Additionally, RFP No. 3 and Deposition Topic No. 5 are not narrowly tailored because they are unlimited by either time or content restrictions. The result is that they encompass every communication ever made by EverStream about the additional projects, even though NCD has made no showing as to the relevance of those communications. Therefore, RFP No. 3 and Deposition Topic No. 5 are unduly burdensome and intrusive as currently written.

NCD also fails to show that RFP Nos. 6, 7, and 8 are narrowly tailored, because they request documents and communications concerning subjects whose relevance is unclear from the evidence submitted with the amended application:

> Documents and Communications concerning Atsushi Hoshino ("Hoshino"), including, but not limited to, Your relationship with Hoshino; NCD's relationship with Hoshino; Hoshino's role, performance and importance to NCD and its business; Hoshino's role in connection with the Service Agreements; Hoshino's holdings in NCD and Hoshino's dismissal from NCD.
>
> . . . .
>
> Communications between You and Hoshino.
>
> . . . .
>
> Documents and Communications concerning any payment arrangements, either direct or indirect, between You and Pacific Solar GK.

Am. Appl. Ex. B. Similarly, Deposition Topics Nos. 4 and 6 request information regarding Hoshino and Pacific Solar GK. *Id.* at Ex. C. Neither the amended application nor the supporting declarations mention Atsushi Hoshino or Pacific Solar GK or discuss their significance to the Tokyo Action. Without any explanation or evidence supporting the relevance of these RFPs and deposition topics, the court concludes that they are not narrowly tailored and are therefore also unduly burdensome and intrusive.

1    Finally, NCD seeks to examine EverStream on Deposition Topic No. 7, which is "[y]our
2 Communications with NCD, investors, and/or third parties." Am. Appl. Ex. C. While the portion
3 of the topic seeking testimony about EverStream's communications with NCD appears relevant to
4 the Tokyo Action, the topic is unlimited by time or subject matter. As written, it is not narrowly
5 tailored.

6    As three of the four discretionary *Intel* factors weigh in favor of granting NCD's
7 application, the application is granted in part and denied in part, as follows: NCD may serve its
8 proposed subpoenas on EverStream with the exception of RFP Nos. 3, 6, 7, and 8, and Deposition
9 Topics Nos. 4, 5, 6, and 7. The application is denied without prejudice as to those specific
10 discovery requests. NCD may file a new application before the undersigned, using the same case
11 number.

12    This order does not preclude EverStream from contesting the subpoenas as approved. The
13 Ninth Circuit has held that applications for subpoenas pursuant to section 1782 may be filed ex
14 parte because "[t]he witnesses can . . . raise[ ] objections and exercise[ ] their due process rights by
15 motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219
16 (9th Cir. 1976). EverStream shall therefore have thirty (30) calendar days after the service of the
17 subpoenas to contest them. The return date on the subpoenas must be set at least 30 days after
18 service.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

7

## IV. CONCLUSION

For the reasons described above, the court grants in part NCD's ex parte application. NCD may serve a finalized version of its subpoenas attached as Exhibits B and C to the application, but must remove RFP Nos. 3, 6, 7, and 8, Deposition Topics 4, 5, 6, and 7. The subpoenas must include a return date at least thirty days after service to allow EverStream to contest the subpoenas if it desires. NCD must also serve a copy of this order on EverStream at the same time as the subpoenas.

**IT IS SO ORDERED.**

Dated: March 6, 2019



Donna M. Ryu
United States Magistrate Judge